10-3868 & 10-3875
Scherman v. N.Y. State Banking Dep't

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of October, two thousand eleven.

PRESENT: DENNIS JACOBS,
                         **Chief Judge**,
         JON O. NEWMAN,
         GERARD E. LYNCH,
                         **Circuit Judges**.

- - - - - - - - - - - - - - - - - - -X

DEBORAH ANN SCHERMAN,
         **Plaintiff-Appellant**,

                v.                          10-3868, 10-3875

NEW YORK STATE BANKING DEPARTMENT,
         **Defendant-Appelle.**

- - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Deborah Ann Scherman, *pro se*,
                        Tobyhanna, PA.

FOR APPELLEES:          Matthew W. Grieco, Assistant
                        Solicitor General, Benjamin N.
                        Gutman, Deputy Solicitor

General, Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Batts, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED**.

Appellant Deborah Ann Scherman, proceeding <u>pro</u> <u>se</u>, appeals from separate district court judgments (1) granting the motion of the New York State Banking Department to dismiss her employment discrimination complaint raising claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 <u>et</u> <u>seq.</u>, for lack of subject matter jurisdiction; and (2) <u>sua</u> <u>sponte</u> dismissing for lack of subject matter jurisdiction her employment discrimination complaint raising claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 <u>et</u> <u>seq.</u>  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing the dismissal of a complaint for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), we review factual findings for clear error and legal conclusions <u>de</u> <u>novo</u>.  <u>See</u> <u>Morrison v. Nat'l Austl. Bank Ltd.</u>, 547 F.3d 167, 170 (2d Cir. 2008).  Additionally, we review <u>de</u> <u>novo</u> the <u>sua</u> <u>sponte</u> dismissal of a complaint for lack of subject matter jurisdiction.  <u>See</u> <u>Digitel, Inc. v. MCI Worldcom, Inc.</u>, 239 F.3d 187, 190 (2d Cir. 2001).

Liberally construed, Scherman's briefs appear to dispute the district court's application of Eleventh Amendment state sovereign immunity to bar her claims. Having conducted an independent and <u>de</u> <u>novo</u> review of the record and case law, we affirm the district court's judgments for substantially the same reasons stated by the district court in its decisions issued in S.D.N.Y. No. 09-cv-2476 and  S.D.N.Y. No. 10-cv-1246 and by the magistrate judge in S.D.N.Y. No. 09-cv-2476.  Any other challenges to the judgments on appeal have been abandoned.  <u>See</u> <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that issues not raised in a <u>pro</u> <u>se</u> brief were

2

abandoned).  Although the district court did not conclude that granting Scherman leave to amend her complaints would have been futile, see Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991), we have reached that conclusion independently.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

Additionally, Scherman's motion to supplement the record is hereby **DENIED**, as she has failed to make the required showing for supplementation of the record, see FED. R. APP. P. 10(e)(2), and, in any event, the supplemental documents would not change the result.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3